UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDREA GRAY, | ) |
| Plaintiff, | ) Civil Action No. |
| -against- | ) |
| QUEENS BOTANICAL GARDEN, | ) **COMPLAINT** |
| | ) **(Jury Trial Demanded)** |
| Defendant. | ) |

Plaintiff, ANDREA GRAY ("Plaintiff"), as and for her Complaint against Defendant QUEENS BOTANICAL GARDEN ("Defendant") sets forth and alleges as follows:

**JURISDICTION AND VENUE**

1. This action is brought for discrimination in employment pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) (race, gender, and national origin) ("Title VII") and because Plaintiff has received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC").

2. This Court has jurisdiction over the subject matter of this action pursuant to the aforementioned statutes, as well as 28 U.S.C. §§ 1331 and 1343. Jurisdiction may also be appropriate under 42 U.S.C. §§ 1981, 1983, and 1985(3), as amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, and any related claims under New York law.

3. This Court may also have jurisdiction over the related New York state law claims herein asserted pursuant to 28 U.S.C. §1367, and applicable principles of pendant jurisdiction.

4. Venue properly lies in this District pursuant to 28 U.S.C. §1391 (b)(1).

## JURY DEMAND

5. Plaintiff demands a trial by jury.

## PARTIES

6. At all times hereinafter mentioned, Plaintiff was and still is an individual residing in the State of New York within this District, with a current residence located at 48 Canterbury Gate, Lynbrook, New York, 11563 and is a White woman of non-Asian descent, aged 31.

7. Upon information and belief, at all times hereinafter mentioned, Defendant was and still is a business entity with offices in and conducting business in the State of New York, with offices for the transaction of business located at 43-50 Main Street, Flushing, New York 11355.

## PRELIMINARY STATEMENT

8. During the course of her employment (and continuing until the termination thereof), Plaintiff was repeatedly subjected to discrimination and harassment based on her race and gender. When she complained of this, she was retaliated against and received further mistreatment. The harassment and retaliation was perpetrated by various supervisors and employees of Defendant. Plaintiff reported such harassment to senior management, including but not limited to, Ms. Regina Forlenza, Ms. Julia Ermish, Ms. Susan Lacerte, and the Human Resources Department of Defendant, who took no action,

and/or failed to properly investigate, and/or take corrective action in response to Plaintiff's complaints.

9. Defendant knew or should have known of the improper and unlawful conduct of their agents, representatives, and employees and should have taken timely and appropriate corrective action. The improper and unlawful conduct and communications of the Defendant and of their agents, representatives, and employees substantially interfered with Plaintiff's employment and created an intimidating, hostile, and offensive work environment in violation of Title VII and New York law.

10. Defendant's failure to investigate and/or take corrective action in response to Plaintiff's complaints constitutes discrimination based on race and gender, which culminated in the discriminatory and retaliatory discharge of Plaintiff without cause. As a direct and proximate result of said unlawful employment practices and disregard for Plaintiff's rights, Plaintiff has lost and will continue to lose substantial income, including, but not limited to, wages, social security, fringe benefits and other benefits due to her. As a further direct and proximate result of said unlawful employment practices, Plaintiff has suffered the indignity of discrimination, the invasion of her rights to be free from discrimination and great humiliation which has manifested itself in physical illness and emotional distress.

11. At all relevant times described herein, Plaintiff was paid and was obligated to be paid wages by Defendant. Upon information and belief, Defendant has failed to pay Plaintiff earned wages and/or unlawfully deprived her of compensation or break time legally due to her. Upon information and belief, Defendant's failure to pay Plaintiff earned wages was willful.

12. As a result of Defendant's unlawful conduct, Plaintiff was denied an equal opportunity to secure a promotion because of her race and gender, thus entitling Plaintiff to damages as set forth below.

## FACTS

13. On or about February 22, 2013, Plaintiff was hired by Defendant to work for Defendant as a Visitor Services Coordinator, a part-time position, with an estimated 25-28 hours per week.

14. Plaintiff was often complimented about the quality of her work by her supervisors and received exceptional yearly performance reviews.

15. Nevertheless, Plaintiff noted that she, a white woman employee, was treated differently from Mr. Jacky Ong, a Chinese, Mandarin speaking male employee, a subordinate, who was being treated with favor by Mr. Wai Li, the manager, also a Chinese, Mandarin speaking male. Plaintiff experienced this discriminatory treatment despite the fact that she was performing her work well.

16. On May 21, 2014, during a performance evaluation meeting, Plaintiff was advised by Wai Li, The Director of Finance and Administration, that Plaintiff was on the Executive Director's "short list" for employee's receiving a raise, as Plaintiff had received an exceptional evaluation.

17. On or about September, 2014, Plaintiff, having yet to receive the raise, inquired with Mr. Li as to the status of her raise. No response was given.

18. On or about November 30, 2014 Plaintiff still had not received the raise, and Plaintiff's hours were decreased from 28 hours a week to 21 hours per week.

19. On August 26, 2015, Management announced in a department meeting that Jacky Ong, an Asian male, was being promoted to full-time.

20. In said meeting, Plaintiff was informed that she would be taking on additional tasks but her title was not changing and she was not being promoted. Plaintiff inquired as to the status of the raise she was promised almost a year earlier, and was told it was an inappropriate time to ask such a question.

21. In September, 2015, Wai Li asked Plaintiff to adjust an inventory report to reflect incorrect figures for the purposes of reconciling numbers for the auditors. Plaintiff refused to adjust the numbers.

22. On October 6, 2015, Plaintiff was terminated, without reason or cause, as a direct response and retaliation for her refusal to doctor the inventory numbers and for inquiring about being passed over for the promotion given to her subordinate, Jacky Ong, an Asian male.

23. Plaintiff thereafter filed a charge with the EEOC regarding Defendant's alleged discriminatory conduct. On or about October 19, 2016, the EEOC issued a Dismissal and Notice of Rights and mailed a right to sue letter to Plaintiff (a true and correct copy of which are annexed hereto as Exhibit 1). Upon information and belief, Plaintiff received the right to sue letter on or after October 19, 2016.

### AS AND FOR A FIRST CAUSE OF ACTION
(Discrimination)

24. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

25. The actions of Defendant as set forth herein constitute discrimination on the basis of gender and ethnicity, in violation of Title VII and New York law.

26. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of employment benefits, and has suffered stress, mental anguish, humiliation, damage to her reputation and other damages, including but not limited to, attorneys' fees, interest, costs and disbursements, in an amount to be determined at trial.

### AS AND FOR A SECOND CAUSE OF ACTION
(Hostile Work Environment)

27. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

28. The actions of Defendant as set forth herein created an intimidating, hostile and offensive work environment in violation of Title VII and New York law.

29. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of employment benefits and has suffered stress, mental anguish, humiliation, damage to her reputation and other damages, including but not limited to, attorneys' fees, interest, costs and disbursements, in an amount to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION
(Retaliation)

30. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

31. The actions of Defendant as set forth herein constitute retaliation against Plaintiff, in violation of Title VII and New York law.

32. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of employment benefits and has suffered stress,

mental anguish, humiliation, damage to her reputation and other damages, including but not limited to attorneys' fees, interest, costs and disbursements, in an amount to be determined at trial.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Negligent Supervision)

33. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs of this Complaint as if set forth at length herein.

34. Defendant had a legal duty to provide a safe workplace.

35. Defendant failed to reasonably supervise their employees.

36. Defendant and their management knew or should have known of the undue harm to which they were exposing Plaintiff.

37. Defendant knew or should have known that Plaintiff would be continually exposed to undue harm in view of Plaintiff's complaints (and complaints made formally and informally by other employees) about pervasive, offensive and discriminatory conduct on the basis of race and/or national origin Defendants were aware of or should have been aware of ongoing retaliatory conduct, including terminating employees who made good faith complaints of discrimination.

WHEREFORE, Defendant's actions in engaging in the unlawful, discriminatory, and retaliatory conduct detailed herein were willful, wanton, and illegal, thus justifying an award of punitive damages and attorneys' fees.

WHEREFORE, the Plaintiff, demands judgment against Defendant on each cause of action asserted in this Complaint, as follows:

1. Awarding Plaintiff compensatory damages in an amount to be determined at trial, but not less than $250,000.00;

2. Awarding Plaintiff punitive damages in amounts to be determined at trial, but not less than $750,000.00;

3. Awarding pre judgment interest;

4. Awarding attorneys' fees and costs on all causes of action;

5. Awarding such other and further relief as this Court may deem just and proper in the circumstances.

Dated: January 12, 2017
Mineola, New York

        RAISER & KENNIFF, P.C.

        By: *E. Gordon Haesloop*
        E. Gordon Haesloop, Esq.
        300 Old Country Road, Suite 351
        Mineola, New York 11501
        (516) 742-7600 (t)
        gordon@raiserkenniff.com

        *Attorneys for Plaintiff*

## VERIFICATION

STATE OF NEW YORK )
) ss:
COUNTY OF NASSAU )

I, **ANDREA GRAY**, am the Plaintiff in the above-entitled action. I have read the foregoing COMPLAINT and know the contents thereof. The contents are true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and to those matters, I believe them to be true.

_____
ANDREA GRAY

Sworn to before me on this 17 day of January, 2017.

_____
Notary Public

CHRISTINE MEEHAN
NOTARY PUBLIC, State of New York
No. 01ME6226144
Qualified in Nassau County
Commission Expires August 02, 2018

1